**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kendall Buck, | No. CV-19-02210-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

This action comes to the Court on appeal of a final administrative decision denying Plaintiff Kendall Buck's application for Social Security Benefits. Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 9), Defendant SSA Commissioner's Response Brief (Doc. 10), and Plaintiff's Reply (Doc. 11). The Court has reviewed the briefs and Administrative Record (Doc. 8, "AR") and now affirms the Administrative Law Judge's ("ALJ") decision.

## I. BACKGROUND

Plaintiff is currently 37 years old and formerly worked as a certified nurse assistant. Plaintiff brings this appeal seeking reversal and remand of the *Unfavorable Decision* by the Honorable Sheldon P. Zisook, Administrative Law Judge ("ALJ"), dated November 2, 2018, on her claims for disability benefits from the Social Security Administration ("SSA"). Plaintiff originally filed applications for Social Security disability benefits on April 25, 2017 and May 11, 2017 alleging disability beginning April 12, 2017. Her hearing

was held before the ALJ on October 18, 2018. The Appeals Council denied Plaintiff's Request for Review on February 2, 2019. This appeal followed.

The Court has reviewed the pertinent evidence in addressing the issues raised by the parties. Upon considering the medical evidence and opinions, the ALJ evaluated Plaintiff's disability based on the following impairments: disorder of the back, major joint dysfunction, fibromyalgia, obesity, anxiety disorder, panic disorder, and mood disorder. (AR at 17.)

Ultimately, the ALJ evaluated the medical evidence and testimony and concluded that Plaintiff was not disabled from April 12, 2017 through the date of the decision. (AR at 26.) The ALJ found that Plaintiff "does not have an impairment or combination or impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (AR at 19.) Next, the ALJ calculated Plaintiff's residual function capacity ("RFC"), finding Plaintiff:

> [H]as the residual functional capacity to perform light work … except the [Plaintiff] could occasionally climb ramps/stairs but never ropes, ladders or scaffolds. She could frequently balance and stoop, never crouch or crawl and occasionally kneel. The claimant should avoid concentrated exposure to hazards such as dangerous machinery and unprotected heights. In addition, the claimant should be able to perform the basic mental demands of competitive, remunerative, unskilled work on a sustained basis. The [Plaintiff] could understand, carry out and remember simple instructions, and make judgments commensurate with functions of unskilled work, i.e., simple work related decision [*sic*], respond appropriately to supervision, co-workers and work situations and deal with changes in a routine work setting.

(AR at 20.) Accordingly, the ALJ determined that "there are jobs that exist in significant numbers in the national economy that the claimant can perform." (AR at 25.)

## II. LEGAL STANDARDS

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability

determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ typically follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial, gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

**III.   ANALYSIS**

Plaintiff raises three issues on appeal for the Court's consideration. First, Plaintiff argues that the ALJ failed to account for the limiting effects of Ms. Buck's carpel tunnel

syndrome in the residual functional capacity findings. (Doc. 9 at 2.) Next, Plaintiff contends the ALJ gave inappropriate weight to the determinations of non-examining state agency physicians. (*Id.*) Lastly, Plaintiff argues that the ALJ failed to provide clear and convincing reasons to discount Ms. Buck's symptom testimony. (*Id.*) The Court will analyze each of these issues in turn.

### A. Ms. Buck's Carpel Tunnel Syndrome

Plaintiff first argues that the ALJ failed to account for the limiting effects of Plaintiff's carpal tunnel syndrome in determining her residual functional capacity ("RFC"). Plaintiff contends that this error requires remand for determination of Ms. Buck's RFC. (Doc. 9 at 10.) Plaintiff argues that while the ALJ found her carpal tunnel syndrome non-severe because the record contained no diagnostic studies confirming the diagnosis, the record contains an EMG study showing "bilateral carpal tunnel syndrome (median nerve entrapment at the wrist) moderate on the right affecting both sensory and motor components, and mild on the left affecting sensory component only." (Doc. 9 at 9.) Further, Plaintiff contends that the ALJ improperly rejected her symptom testimony and improperly used her daily activities as reasons to consider her carpal tunnel syndrome as non-severe. (*Id*. at 9-10 (citing *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing).) Plaintiff argues that it was error for the ALJ to reject this evidence without adequate explanation, requiring a remand for determination of Plaintiff's RFC.

The Commissioner's response argues that the ALJ reasonably found that Plaintiff's carpal tunnel syndrome was not severe at step two of the sequential evaluation because Plaintiff did not identify medical evidence establishing that her carpal tunnel syndrome resulted in functional limitations. (Doc. 10 at 16.) The Commissioner argues that the ALJ properly did not consider Plaintiff's carpal tunnel syndrome in the RFC because Plaintiff did not meet her burden of providing objective medical evidence supporting specific functional limitations from the condition. (*Id.*)

A claimant bears the burden of furnishing medical or other evidence to show the

existence of a disability. *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987). "An individual's statement as to pain or other symptoms shall not alone be conclusive evidence" of a disability. 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 404.1529(a). Instead, such a statement must be accompanied by medical findings. 42 U.S.C. § 423(d)(5)(A). However, an ALJ may not arbitrarily discredit a claimant's testimony; they must present sufficiently specific findings. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002). An impairment is considered not severe if it does not significantly limit the claimant's physical or mental ability to do basic work activities such as walking, standing, sitting, hearing and speaking, understanding instructions, use of judgment, responding to supervision, and dealing with changes to routine. 20 C.F.R. §§ 404.1522(a), (b).

Here, it was reasonable for the ALJ to find that Plaintiff's carpal tunnel syndrome was not severe, and the ALJ supported his conclusion with sufficiently specific findings. Although some medical records discuss an EMG test where Plaintiff was assessed to have carpal tunnel syndrome from October 2017, Plaintiff failed to submit the diagnostic studies confirming the diagnosis in the administrative record. (AR at 18, 544-46, 561-62, & 711.) Indeed, the record is devoid of the October 2017 EMG confirming the diagnosis which was the Plaintiff's burden to produce. While Plaintiff did provide symptom testimony regarding the carpal tunnel syndrome, the ALJ rejected this testimony with sufficiently specific findings. Specifically, the ALJ noted that the record showed that Plaintiff maintained normal strength in her right and left hands, normal muscle tone, and no atrophy, which was supported by the record. (AR at 18, 646, 655, 659, 669, 709, 714, 725, 729, & 739.) Further, the ALJ pointed out that Plaintiff's daily activities included caring for her children and doing household chores including cleaning and laundry. (AR at 18.) Lastly, the ALJ pointed out that the in April 2018, Plaintiff reported that she enjoyed crocheting. (*Id.*) While Plaintiff points out that the record shows that she reported to medical professionals that she lost sensation in her right and left hand, that evidence is akin to subjective symptom testimony. (AR at 566, 571.) Thus, the Court finds that the ALJ's conclusion that Plaintiff's carpal tunnel syndrome was non-severe was based on substantial evidence and that the ALJ

presented sufficiently specific findings to discredit Plaintiff's symptom testimony regarding the same.

### B. Weight Given to State Agency Physicians

Plaintiff next argues that the ALJ inappropriately assigned "great weight" to the opinions of non-examining state agency physicians citing an outdated regulation. (Doc. 9 at 11.) While Plaintiff notes that the opinions of state agency physicians are the only opinions of record, she argues that there is "specific evidence that contradicts the opinions of the non-examining physicians that was entered into the record after they formed their opinions." (Doc. 9 at 12.)

The Commissioner argues that although the ALJ assigned great weight to the opinions of these physicians and cited an outdated Social Security Ruling (96-6p), nothing in the current regulations precludes the ALJ from giving significant weight to the opinions of these physicians. (Doc. 10 at 15.) Further, the Commissioner contends Plaintiff offers no specific evidence contradicting the opinions and that the ALJ reasonably found the medical opinions of Dr. Dodson and Dr. Hutchinson were most consistent with the record. (Doc. 10 at 13.)

ALJs are not required to adopt the prior administrative findings of state agency physicians, but they are required to consider this evidence because the state agency physicians are "highly qualified and experts in Social Security disability evaluation." 20 C.F.R. § 404.153a(b)(1). Weight is assigned to the opinions of medical professionals according to their supportability and consistency with the evidence in the record. *See* 20 C.F.R. § 404.1520c(b)(2). "The Commissioner may reject the opinion of a non-examining physician by reference to specific evidence in the medical record." *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998).

Despite the ALJ's reliance on the outdated Social Security Regulation 96-6p, the ALJ's error does not require a remand in this instance. The ALJ determined that the opinions of the state agency physicians were consistent with the medical evidence and findings presented in the record. (AR at 24.) Even though there was evidence that was

entered into the record after the state agency physicians made their findings, the ALJ apparently concluded that the additional evidence did not support a finding of a disability. Specifically, the ALJ noted that the evidence of the record "did not support greater limitations" than those found by the state agency physicians. (*Id.*) The Court agrees. Further, as noted by the Commissioner, the decisions of the state agency physicians were not inconsistent with any other medical source opinions because no other such opinions existed in the record. Because the ALJ noted that the opinions of the state agency physicians were consistent and supported by the record, it was not error for the ALJ to assign great weight to these expert opinions under the current regulations. The Court agrees that the opinions of the state agency physicians were consistent with the record despite the later submitted evidence. Accordingly, remand on this issue is not appropriate as the ALJ's evaluation of the state agency physicians' opinions was consistent with the administrative record and did not run afoul of the current regulations.

### C. Clear and Convincing Reasons for Symptom Testimony

Lastly, Plaintiff argues that the ALJ failed to articulate clear and convincing reasons to discount Plaintiff's symptom testimony regarding the severity of her symptoms. (Doc. 9 at 13.) Plaintiff contends that in the absence of clear and convincing reasons, the ALJ did not base the RFC finding on substantial evidence. Accordingly, Plaintiff argues that this error requires remand for reconsideration of the evidence. (Doc. 11 at 5.)

In response, the Commissioner argues that "the ALJ provided not only legally sufficient, but compelling reasons, supported by substantial evidence, for concluding that Plaintiff's subjective claims – that she was unable to work in any capacity due to medical impairments – were not fully consistent with the record." (Doc. 10 at 11 (citing AR at 21).)

The ALJ's reasons for rejecting the Plaintiff's testimony must be "clear and convincing." *Reddick*, 157 F.3d at 722. "[I]f a claimant engages in numerous daily activities involving skills that could be transferred to the workplace, the ALJ may discredit the claimant's allegations upon making specific findings related to those activities." *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). When assessing a claimant's symptom

testimony, the ALJ can only accept such symptom testimony if it is consistent with objective medical evidence and other evidence. 20 C.F.R. § 404.1529(a). In assessing a claimant's subjective symptom testimony, an ALJ may consider whether the claimant engages in daily activities inconsistent with the alleged symptoms. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012). The ALJ may also consider unexplained or inadequate failure to seek treatment following a prescribed course of treatment. *Id.*

Here, the ALJ provided multiple paragraphs detailing clear and convincing reasons for discounting Plaintiff's symptom testimony. Under the substantial evidence standard of review, the ALJ's reasons were sufficient. The ALJ determined that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (AR at 21.) The ALJ then went on to detail his findings, including assessing Plaintiff's daily activities against her subjective symptom testimony. The ALJ noted that her activities consisted of caring for her children, getting them up and to school, feeding them and taking them to the doctor, doing household chores including cleaning and doing laundry. (AR at 21-22.) The ALJ also noted that the record indicated that Plaintiff recorded going to the gym regularly. (AR at 21, 484.)

Further, as to Plaintiff's physical impairments, the ALJ decided that "the medical record does not support greater restrictions than those found in this decision." (AR at 21.) The ALJ then went on to discuss his reasoning, including that Plaintiff's knee pain was relieved by exercise, over the counter medication, and rest. (AR at 21.) The ALJ also noted that Plaintiff cortisone injections relieved Plaintiff's knee pain for three weeks and that Plaintiff failed to attend physical therapy because she was busy with her children and did not have time for it. (AR at 21-22.) The ALJ also discussed other relevant medical evidence concerning Plaintiff in detail and found that Plaintiff's subjective symptom testimony was not consistent with the medical evidence in the record. The Court finds that the ALJ provided clear and convincing reasons for discounting Plaintiff's subjective symptom testimony.

Plaintiff argues that the ALJ "has not demonstrated that Ms. Buck's activities of daily living are transferable to the work setting, or that they are inconsistent with her claimed limitations." (Doc. 9 at 16.) Plaintiff also argues that the ALJ ignored evidence favorable to Plaintiff on these points. However, the ALJ properly evaluated all the medical evidence in the record and found that they were inconsistent with her testimony. The ALJ did not simply discount her symptom testimony based on her daily activities alone. Accordingly, the ALJ's decision must be upheld.

## IV.  CONCLUSION

Accordingly,

**IT IS ORDERED** affirming the November 7, 2018 decision of the Administrative Law Judge.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter final judgment consistent with this order and close the case.

Dated this 10th day of August, 2021.

Honorable Susan M. Brnovich
United States District Judge